TAYLOR, ADMINISTRATRIX ETC. *v.* HOPKINS

[No. 19,322. Filed November 18, 1960.]

*Curtis C. Plopper,* of Boonville, for appellant.

*Norton & Schwentker,* of Evansville, for appellee.

KELLEY, J.—Appellant duly instituted action against appellee to recover damages for allegedly "negligent, improper and unskilful acts" of appellee in "administering successive doses of penicillin" to appellant's decedent when appellee knew or had been informed and saw or could have seen that such successive injections were causing a reaction which led to the death of the latter.

Appellee answered under the rules and by a second paragraph pleading that the action sued upon did not accrue within two (2) years before commencement thereof. To this second paragraph of answer appellant replied that the nature of the illness was concealed from her by the appellee and that the cause of death was not determined until a date within the two years prior to the bringing of the action.

The issues thus made were submitted for trial to a jury. At the conclusion of appellant's evidence, the court, upon motion of appellee, instructed the jury, by Instruction No. A, to return a verdict for appellee. This was done and judgment for appellee and against appellant was entered thereon. Said Instruction No. A is not set out in appellant's brief.

The only error assigned by appellant is that the court erred in granting and giving said peremptory instruction. The only argument advanced by appellant in her brief is that there was sufficient evidence in support of "each allegation in her complaint" to warrant the submission of her case to the jury. No contention or argument is presented by appellant concerning the issue of the two year limitation pleaded by appellee and replied to by appellant nor that the court's direction of verdict was not properly given on that issue. It follows, therefore, that appellant has failed to establish error of the court in directing a verdict for appellee and the judgment must be affirmed.

Judgment affirmed.

Bierly, C. J., Gonas and Smith, JJ., concur.

NOTE.—Reported in 170 N. E. 2d 247.